T. H. BLAKE CONTRACTING COMPANY, INC., PLAINTIFF-APPELLANT v.
S. LEE SORRELLS AND SORRELLS PLUMBING AND HEATING CO., INC.,
DEFENDANTS-APPELLEES

No. 9218DC60

(Filed 16 February 1993)

1. **Appeal and Error § 138 (NCI4th)— directed verdict against plaintiff—counterclaim remaining—no right of appeal by plaintiff**

   Plaintiff had no right to immediately appeal an interlocutory order directing verdict against him in his action against the individual defendant where plaintiff negotiated a settlement of defendants' counterclaim but withdrew consent to the settlement after the court dismissed the jury but before the judgment was signed.

   **Am Jur 2d, Appeal and Error § 110.**

2. **Rules of Civil Procedure § 11 (NCI3d)— sanctions for action against individual defendant**

   The trial court is directed to determine the appropriate Rule 11 sanction against plaintiff for bringing an action against the individual defendant where plaintiff alleged that the individual defendant guaranteed payment under the corporate defendant's contract with plaintiff; plaintiff made no showing at trial that the individual defendant independently undertook any personal liability to plaintiff, either as an original promise or as a guarantee; plaintiff did not resist the individual defendant's motion for a directed verdict at the close of plaintiff's evidence; and plaintiff's complaint as to the individual defendant was not well-grounded in fact or law when it was signed by plaintiff's president.

   **Am Jur 2d, Appeal and Error § 1024.**

   **Procedural requirements for imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 100 ALR Fed. 556.**

Appeal by plaintiff from judgments entered 23 May and 14 June 1991 in Guilford County District Court by Judge Thomas G. Foster, Jr. Cross appeal by defendants from judgment entered 28 August 1991 in Guilford County District Court by Judge Thomas G. Foster, Jr. Heard in the Court of Appeals 4 January 1993.

On 3 November 1988, plaintiff, T.H. Blake Contracting Company, instituted this breach of contract action against defendants, seeking to recover money damages for work it allegedly performed pursuant to a verbal agreement with corporate defendant Sorrells Plumbing and Heating, Inc. (hereinafter SP&H). Plaintiff also alleged that defendant S. Lee Sorrells personally "guaranteed" the payment of the money damages allegedly due under the agreement. Defendants answered with general denials and counterclaimed for malicious prosecution and abuse of process. At trial, the evidence tended to show the following facts and circumstances.

During the fall of 1987, plaintiff learned of a small construction project involving the demolition and removal of an existing cooling system and installation of new pipe work at the University of North Carolina at Chapel Hill. Plaintiff could not take advantage of this opportunity because it was not licensed as a heating contractor by the State. Plaintiff contacted defendant SP&H through defendant Mr. Sorrells, a licensed heating and plumbing contractor, and proposed that defendant SP&H bid on the project while allowing plaintiff to do the demolition and removal portion of the work. Plaintiff would remove existing piping, chiller, cooling tower and electrical conduit while defendant would perform the electrical and installation work and supervise the entire project. Their agreement provided that plaintiff would be paid its direct costs, that defendant SP&H would receive 15 percent for overhead and supervision, and that any profit would be divided equally.

Defendant SP&H submitted to the University its bid which was accepted during mid-December 1987. Plaintiff immediately began the demolition work, including removal of the pipe, without defendant SP&H's knowledge or supervision. After plaintiff completed the demolition work, defendant SP&H began the installation work with help from some of plaintiff's employees. Defendant SP&H completed the project but encountered unanticipated additional expenses. After completion, the University paid defendant SP&H its contract price.

When the time came for defendant SP&H to reimburse plaintiff, defendant SP&H asked that plaintiff provide it with a breakdown of its costs. The dispute arose when defendant SP&H refused to pay plaintiff for the demolition work because plaintiff's demands reflected inflated equipment costs and fabricated hours. Plaintiff testified that defendant SP&H unjustifiably refused to reimburse

plaintiff either for labor it provided to assist defendant SP&H or for demolition work it performed.

At the close of plaintiff's evidence, the court granted defendant S. Lee Sorrells' motion for directed verdict and judgment was entered 23 May 1991 dismissing the action against defendant S. Lee Sorrells. On 27 May 1991, at the close of all the evidence, the court granted defendant SP&H's motion for directed verdict against Blake Construction Company and dismissed that action.

At this point, the court was prepared to allow defendants' counterclaim to go to the jury. Instead, the parties engaged in settlement negotiations and agreed to settle the case. The general terms of the settlement were read in open court. The court then released counsel and the parties and dismissed the jury. As part of the settlement, plaintiff agreed not to appeal the court's directed verdict orders in favor of defendants.

After the court dismissed the jury but before the judgment was signed, plaintiff had changed its position and withdrew its consent to the settlement. Judgment was filed 14 June 1991 as to the action against defendant SP&H. On 24 June 1991, plaintiff, acting *pro se*, filed Notice of Appeal and a Motion for Extension of Time within which to contract with the court reporter for the production of the trial transcript. Defendants opposed plaintiff's motion and filed a Motion to Dismiss Appeal, Motion for Sanctions and Motion to Enforce Settlement Agreement and brought the same on for hearing along with plaintiff's Motion for Extension of Time. At the hearing, the court granted plaintiff's motion, finding good cause, and declined to rule on defendants' motions. Defendants have cross appealed from the court's order granting extension of time and its decision not to rule on defendants' Motion to Dismiss Appeal. In addition, defendants filed motions to dismiss the appeal and for sanctions in this Court.

*Richard M. Dailey, Jr. and Jewel A. Farlow for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by David A. Senter and Betty P. Balcomb, for defendants-appellees.*

WELLS, Judge.

[1] Plaintiff has abandoned its appeal as to defendant S. Lee Sorrells, and now sets forth a single assignment of error for our

T. H. BLAKE CONTRACTING CO. v. SORRELLS

[109 N.C. App. 119 (1993)]

review. Plaintiff contends the trial court erred in directing a verdict in favor of defendant SP&H, and claims it is entitled to recover damages for demolition work performed for defendant SP&H even though plaintiff was not a licensed heating contractor under N.C. Gen. Stat. § 97-21. We do not reach the merits but dismiss this appeal and remand for trial of defendants' counterclaim. Upon entry of final judgment, plaintiff may then pursue such appeal as appears appropriate.

This is clearly a "piecemeal" appeal from an interlocutory order. *See generally Oestreicher v. Stores*, 290 N.C. 118, 225 S.E.2d 797 (1976) and cases cited and discussed therein. The entire case below has not been tried to judgment, and the judgment from which plaintiff attempts to appeal can only be regarded as interlocutory. *See* N.C. Gen. Stat. §§ 1-277, 7A-27, and 1A-1; Rule 54 of the Rules of Civil Procedure. Plaintiff has no substantial right to pursue this appeal, having itself precipitated the events and circumstances which prevented entry of final judgment as to all claims in this action.

Additionally, in a separate order, we shall require plaintiff to show cause why it should not be appropriately sanctioned under Rule 34 of the North Carolina Rules of Appellate Procedure for pursuing this frivolous appeal.

[2]  Further, upon our own motion, in a separate order, we shall direct the trial court to determine an appropriate sanction for plaintiff's obvious violation of Rule 11 of the Rules of Civil Procedure arising from its bringing this action against the individual defendant S. Lee Sorrells. At trial, plaintiff made no showing whatsoever that Mr. Sorrells independently undertook any personal liability to plaintiff, either as an original promise or as a guarantee under their agreement. Upon motion by defendant Sorrells that the trial court grant a directed verdict in his favor at the close of plaintiff's evidence, plaintiff did not even attempt to resist that motion. These circumstances show beyond question that plaintiff's complaint as to defendant Sorrells, verified by plaintiff's president Mr. Blake, was not well-grounded in fact or law when it was signed.

Appeal dismissed; case remanded for final disposition.

Judges EAGLES and LEWIS concur.