NORTHWESTERN FINANCIAL GROUP, INC., Plaintiff/Appellee v. THE COUNTY OF GASTON; DAVID C. BEAM, PORTER McATEER, DAVID R. HOLLIFIELD, C. DAVID WARD, JR., CLAUDE CRAIN, MARY LOU CRAIG, JAMES S. FORRESTER, individually and as members of the Gaston County Board of Commissioners; THE GASTON COUNTY PLANNING BOARD; and WILLIAM M. PATRICK, JACK DILL, GEORGE M. MASON, DAVID E. WATTS, FRANCES SPRINGS, JOHN DYER, W. REGGIE HUNDLEY, individually and as members of the Gaston County Planning Board, Defendants/Appellants

No. 9227SC177

(Filed 15 June 1993)

1. **Appeal and Error § 118 (NCI4th)— issue not raised at trial— no consideration on appeal**

Though the denial of a motion for summary judgment on the basis of immunity is immediately appealable, that issue was not before the court on appeal, since defendants expressly abandoned their qualified immunity defense in their brief, and

at no point in the proceedings below did defendants raise the defense of absolute immunity.

**Am Jur 2d, Appeal and Error § 104.**

**Reviewability of federal court's denial of motion for summary judgment. 17 L. Ed. 2d 886.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

2. **Appeal and Error § 118 (NCI4th)— summary judgment based on res judicata—appealability**

The denial of summary judgment based on the doctrine of res judicata is immediately appealable.

**Am Jur 2d, Appeal and Error § 104.**

**Reviewability of federal court's denial of motion for summary judgment. 17 L. Ed. 2d 886.**

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

3. **Judgments § 237 (NCI4th)— actions against members of county boards—official capacities—official and individual capacities—identical parties for res judicata purposes**

The defendants in two actions were identical for res judicata purposes where they were sued in their official capacities as members of county boards in the first action and were sued in both their official and individual capacities in the second action since the defendants in the second action were, at a minimum, in privity with the defendants in the first action.

**Am Jur 2d, Judgments § 578.**

4. **Judgments § 313 (NCI4th)— permit revoked—claim for equitable relief filed—subsequent claim for monetary damages—subsequent claim barred by res judicata—insufficient evidence**

Where plaintiff developers of a mobile home park sought equitable relief in a 1988 action which ultimately resulted in a permanent injunction requiring defendants to issue a permit to plaintiffs under defendant county's 1986 instead of its 1987 mobile home park ordinance, and plaintiff subsequently brought an action in 1990 seeking monetary damages resulting from

the delay, the Court of Appeals could not determine if the two actions were part of the same claim and therefore whether the second action was barred by res judicata, since this action would be barred if plaintiff had incurred any monetary damages at the time the 1988 action was filed, whether or not the full extent of plaintiff's damages was known with certainty, and the evidence in the record was not conclusive as to when plaintiff incurred monetary damages.

**Am Jur 2d, Judgments § 428.**

5. **Judgments § 313 (NCI4th) — building permit revoked — equitable relief and monetary damages — claims must be brought in same action — subsequent action barred by res judicata**

Where a developer obtains a building permit which is later revoked, the developer must bring claims for equitable relief and monetary damages in the same suit in order to avoid dismissal of the claim for monetary damages on the ground of res judicata except (1) where a plaintiff needs to act quickly to obtain a temporary injunction and does not have time to bring a claim for damages contemporaneously with the injunction, and (2) where a plaintiff is unable to bring the claim for damages because they have not yet been incurred.

**Am Jur 2d, Judgments § 428.**

Appeal by defendants from order entered 4 November 1991 and signed 12 November 1991 by Judge Marcus Johnson in Gaston County Superior Court. Heard in the Court of Appeals 1 February 1993.

*Michael B. Brough & Associates, by Michael B. Brough and Alison A. Erca, for defendants-appellants.*

*Weinstein & Sturges, P.A., by T. LaFontine Odom, William H. Sturges and Thomas L. Odom, Jr., for plaintiff-appellee.*

LEWIS, Judge.

The facts of this case present two issues on appeal. The first of these is whether or not the denial of a motion for summary judgment asserting the defense of res judicata is immediately appealable. If so, then we must address the merits of defendants' res judicata defense to determine whether or not Northwestern's

claims for damages are barred. On the facts of this case, we hold that the denial of defendants' motion affects a substantial right and we have addressed the merits of defendants' res judicata defense.

[1] In addition to the defense of res judicata, the individual defendants have also raised the defenses of absolute immunity and qualified immunity, and claim that it was error for the trial court to have denied their summary judgment motion on these theories. Recent case law has left no doubt that the denial of a motion for summary judgment on the basis of immunity is immediately appealable. *See EEE-ZZZ Lay Drain Co. v. North Carolina Dep't of Human Resources*, 108 N.C. App. 24, 422 S.E.2d 338 (1992); *Herndon v. Barrett*, 101 N.C. App. 636, 400 S.E.2d 767 (1991). However, we need not address this part of defendants' appeal because the issues of qualified immunity and absolute immunity are not properly before this Court. In their brief, defendants expressly abandoned their qualified immunity defense, choosing to rely exclusively on absolute immunity. However, at no point in the proceedings below did defendants raise the defense of absolute immunity in the pleadings or otherwise. Since the issue of absolute immunity was not raised below, it is not properly before us now. N.C.R.App.P. 10(b)(1).

The facts of this case and the relationship between the two suits brought by Northwestern are essential to an understanding of this matter. In 1987, Northwestern began developing a tract of land in Gaston County for use as a mobile home park and submitted plans to the Gaston County Planning Board for approval. At the time the initial plans were submitted, Gaston County had in effect a 1986 Mobile Home Park Ordinance. In September of 1987, Gaston County revised its Mobile Home Park Ordinance and adopted a 1987 version. Three days prior to the revision of the Mobile Home Park Ordinance, Northwestern amended its plans to increase the number of available spaces for mobile homes since a package treatment plant would be used instead of septic tanks. When Northwestern submitted its revised plans, the Planning Board rejected them as being a hazard to the public welfare and also said that future plans would need to comply with the 1987 ordinance.

Claiming that its plans had been improperly disapproved by the Gaston County Planning Board, Northwestern filed an action on 26 August 1988 entitled "Complaint, Request for Preliminary and Permanent Injunction, Request for Writ of Mandamus and Request for Writ of Certiorari" (hereafter the "1988 action") against

the County of Gaston, the members of the Gaston County Board of Commissioners, as well as the members of the Gaston County Planning Board. On 19 December 1988 the trial court issued a permanent injunction in favor of Northwestern requiring defendants to issue a permit to Northwestern under the 1986 ordinance. At no point in the 1988 action did Northwestern seek anything other than equitable relief. The 1988 action eventually reached the Supreme Court which upheld the trial court and required the Gaston County Planning Board to issue a permit in favor of Northwestern.

While the 1988 action was pending before the Supreme Court, Northwestern filed a motion to amend its complaint on 27 July 1990 in both the Supreme Court and the Gaston County Superior Court seeking to add claims for monetary damages and attorney's fees. At the same time, Northwestern also filed the complaint in the current action alleging essentially the same facts as in the 1988 action, but this time seeking monetary damages for discrimination under 42 U.S.C. § 1983 and for a wrongful taking without compensation, instead of equitable relief. Both the Supreme Court and the Superior Court denied Northwestern's motion to amend, forcing it to pursue its claims for monetary damages in this separate action. Northwestern alleges that the three year delay from the filing of the 1988 action has caused it irreparable injury which has necessitated the claims for monetary damages.

After Northwestern filed the current action, defendants filed a motion for a more definite statement as to the capacity in which the individual defendants were being sued. Northwestern filed an amended complaint alleging that defendants were being sued in both their individual and official capacities. Defendants answered on 26 December 1990, asserting that Northwestern's claims for monetary damages were barred by res judicata and qualified immunity. Defendants thereafter moved for summary judgment on these grounds. The trial court denied defendants' motion for summary judgment and defendants have appealed to this Court.

[2] As a general rule, the denial of a motion for summary judgment is a nonappealable interlocutory order. *Iverson v. TM One, Inc.*, 92 N.C. App. 161, 374 S.E.2d 160 (1988). However, an exception arises when a substantial right of one of the parties would be lost if the appeal were not heard prior to the final judgment. *See Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978). Defendants claim that the denial of their motion for summary

judgment on the basis of res judicata affects a substantial right and we must agree.

Until recently, none of our appellate courts had thoroughly explored the issue of whether the denial of summary judgment based on the doctrine of res judicata was immediately appealable. However, in *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993), our Supreme Court held that "the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable." In reaching its decision, the Supreme Court relied on the fact that the denial of such a motion could lead to a second trial which would frustrate the underlying principles of res judicata. *Id.* In contrast to *Bockweg*, there has yet to be a trial in this matter because the 1988 action sought only equitable relief. Thus the possibility for inconsistent verdicts does not exist. *See Green v. Duke Power, Co.*, 305 N.C. 603, 290 S.E.2d 593 (1982). Although we feel that the facts of this case are distinguishable from those in *Bockweg*, we have chosen to consider the merits of defendants' appeal.

The doctrine of res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986). "*Res judicata* operates as a bar not only against matters litigated or determined in the prior proceeding but also against 'all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence, could and should have brought forward.'" *Ballance v. Dunn*, 96 N.C. App. 286, 290, 385 S.E.2d 522, 524-25 (1989) (citations omitted); *see also, Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 331 S.E.2d 726 (1985), *disc. rev. denied*, 315 N.C. 590, 341 S.E.2d 29 (1986). Res judicata also serves the dual purposes of protecting litigants from having to relitigate previously decided matters and promoting judicial economy. *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161.

[3] It is not disputed that the 1988 action was brought before a court of competent jurisdiction and that the Supreme Court's decision in that case constituted a final judgment on the merits. It is also clear to us that the same parties are involved. The only difference in the parties in the 1988 action and the present matter

is that the defendants have been sued as individuals and additionally in their official capacities. Northwestern claims that this is enough to defeat defendants' claim of res judicata and cites *Roy v. City of Augusta, Maine*, 712 F.2d 1517 (1st Cir. 1983), for this proposition. We do not agree. Even though defendants have been sued in an additional capacity, they are still the same individuals, and at a minimum, would have to be considered in privity with the defendants in the 1988 action. Therefore, the only remaining question is whether or not Northwestern has brought the "same claim" for the purposes of res judicata.

A test or a definition for determining what is the "same claim" for the purposes of res judicata has not been definitively addressed by our appellate courts. Instead, our appellate courts have addressed in an elusive manner several different factual situations and then concluded whether or not the same claim was present, all without much discussion. *See e.g. King v. Grindstaff*, 284 N.C. 348, 200 S.E.2d 799 (1973) (first suit based on damages for personal injury and second suit based on damages for wrongful death are not same cause of action); *Gaither Corp. v. Skinner*, 241 N.C. 532, 85 S.E.2d 909 (1955) (res judicata applicable for breach of an entire and indivisible contract and second action will not lie); *Shaw v. LaNotte, Inc.*, 92 N.C. App. 198, 373 S.E.2d 882 (1988) (res judicata not applicable where first suit sought to accelerate note and determine issue of default, and second suit was for the total amount due). We do not feel that these cases are sufficiently similar to our unique fact situation to be dispositive.

Recently, there has been a strong movement on the part of some litigants for the courts of this State to adopt the Restatement's "transactional approach" to res judicata for determining whether two causes of action are part of the same claim. *See Restatement (Second) of Judgments* § 24. Defendants in this case have urged us to do so, as did the defendants in *Bockweg*. Under the transactional approach "all issues arising out of 'a transaction or series of transactions' must be tried together as one claim." *Bockweg*, 333 N.C. at 493, 428 S.E.2d at 162 (citation omitted). Though the transactional approach has been adopted generally by the federal courts and several state courts, *id.*, as of yet, neither this Court nor the Supreme Court has adopted it.

In *Bockweg*, the Supreme Court had the opportunity to address the transactional approach further, and although they did

not adopt it, we have found guidance in the language used by the Court. The Supreme Court stated that defendants had failed to cite any authority under the transactional approach where "two different instances of negligence leading to two different injuries should constitute one claim which may not be split." *Id.* at 494, 428 S.E.2d at 162. In reaching this conclusion, the Supreme Court distinguished the authorities cited by defendants because they stood for the proposition that "actions which attempt to proceed by asserting a new legal theory or by seeking a different remedy are prohibited under the principles of *res judicata.*" *Id.* Similar language appears in *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 30, 331 S.E.2d 726, 735 (1985), *disc. rev. denied*, 315 N.C. 590, 341 S.E.2d 29 (1986), where Judge (now Justice) Whichard stated "[t]he defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief. . . ." In *Bockweg*, the Supreme Court determined that res judicata was inapplicable because plaintiffs sought separate remedies for distinct acts of negligence leading to separate and distinct injuries. Defendants contend that *Bockweg* is distinguishable since Northwestern's suits are based on the same wrongful act, the denial of the permit. Thus, say defendants, Northwestern's present action falls within the above quoted language because Northwestern has not raised anything new in its pleadings but instead has only changed the remedy sought. We do not agree.

[4]    As in this case, the applicability of res judicata is often as difficult as a solution to the Bosnian conflict. *See Shelton v. Fairley*, 72 N.C. App. 1, 323 S.E.2d 410 (1984), *disc. rev. denied*, 313 N.C. 509, 329 S.E.2d 394 (1985). Typically the doctrine must be applied as justice and fairness require. *Id.* Though it is true that both Northwestern's suits arise out of the same set of facts and circumstances, Northwestern alleges that its claims for damages could not have been known until after it was granted the mandatory injunction. We believe that this is a pivotal distinction. It is well established that all of a party's damages resulting from a single wrong must be recovered in a single action. *See Bockweg v. Anderson*, 333 N.C. 486, 428 S.E.2d 157 (1993); *Chrisalis Properties, Inc. v. Separate Quarters, Inc.*, 101 N.C. App. 81, 398 S.E.2d 628 (1990), *disc. rev. denied*, 328 N.C. 570, 403 S.E.2d 509 (1991); *see also 1B Moore's Federal Practice* ¶ 0.410[1] (1993) ("The plaintiff must seek in his first suit all the relief to which he is entitled, and the judgment in that suit bars a second suit seeking different

or additional relief"). However, for this rule to apply, logic and common sense require that both remedies must have been available at the time the first action was commenced. To hold otherwise would require plaintiffs to include claims for damages not yet incurred for fear that future claims would be forever barred. Such a result would not be consistent with the notions of justice and fair play.

[5] Although the factual situation presented by this appeal is unique to our courts, several of the federal circuits have considered this scenario. In fact, the Seventh Circuit had before it facts virtually identical to those in this matter in the case of *Hagee v. City of Evanston*, 729 F.2d 510 (7th Cir. 1984). Therein, a developer was granted a building permit only to have it later revoked when the municipality learned that the permit had been improperly issued. The developer sought and obtained injunctive relief prohibiting the municipality from interfering with further construction. More than a year and a half later, after obtaining the mandatory injunction and after completing construction, the developer then sought monetary damages from the municipality for violations of 42 U.S.C. § 1983 and for a wrongful taking without compensation.

On appeal the Seventh Circuit affirmed the district court's ruling that the developer's claims for monetary damages were barred by res judicata. The Seventh Circuit reasoned that the developer's claims for damages were merely a reincarnation of the first suit, simply under a different legal theory and requesting a different relief. Finding no reason why the developer could not have raised the claims for damages at the same time as the claim for injunctive relief, the Seventh Circuit ruled that the damages were within the purview of the first suit and barred by res judicata. We find the reasoning of the Seventh Circuit to be consistent with the policies of this State regarding res judicata and hereby adopt the Seventh Circuit's rationale as the general rule for future cases covering identical facts.

However, in reaching its decision the Seventh Circuit warned, in a footnote, of two scenarios where its rationale should not be applied. The first of these involved the situation where a plaintiff needed to act quickly to obtain a temporary injunction and did not have the time to bring a claim for damages contemporaneously with the injunction. The second exception involved the situation where the plaintiff was unable to bring the claim for damages

because the damages had not yet been incurred. We believe that it is this second exception into which the facts of the case at bar fall.

Northwestern claims that when it filed the 1988 action, the full extent of its damages was not known and it was not until the appeal of the 1988 action was completed that the full extent of damages could be determined with certainty. We have reviewed the record before us to determine whether or not at the time Northwestern filed the 1988 action it had incurred any damages. Unfortunately the record is devoid of any conclusive evidence. Without this information, we cannot determine whether Northwestern is merely seeking a new remedy for the same injury or proceeding on a new claim arising out of a separate and distinct injury.

It has been suggested that certain statements in Northwestern's amended complaint may bar its action as a matter of law. The 1988 action was filed by Northwestern on 26 August 1988. *See Northwestern Fin. Group, Inc. v. County of Gaston*, 329 N.C. 180, 185, 405 S.E.2d 138, 141 (1991). However in its current complaint Northwestern alleges that "[b]y reason of the Defendants' acts the property has been practically useless since June 28, 1988 and, the Plaintiff incurred large expenses in its efforts to overturn the illegal, unwarranted and arbitrary actions of the defendants." Although this statement could be construed as a judicial admission to show that Northwestern had suffered damages at the time it filed the 1988 action, we do not believe that such is its effect. "Practically useless" does not translate into monetary damages as a matter of law. We believe that the reference to 28 June 1988 was made in retrospect and though the property may have been practically useless for fifty-nine days, that does not mean that at the time the 1988 action was filed Northwestern knew it had incurred monetary damages. Instead this is a matter for the trial court to determine. Further, all the expenses referred to in the allegation were incurred after Northwestern initiated the 1988 action. We believe that the above allegation is evidence, but we do not believe that this allegation, by itself, affirmatively establishes that damages or expenses were incurred between 28 June 1988 and 26 August 1988.

We thus remand this matter for trial. If the trial court determines that Northwestern had incurred monetary damages at the

**IN RE APPEAL OF LEE MEMORY GARDENS**

[110 N.C. App. 541 (1993)]

time the 1988 action was filed then the present action is barred whether or not the full extent of Northwestern's damages was known with certainty because all of Northwestern's claims for relief should have been brought in the same action. The failure to do so would violate the rule against claim splitting. *Bockweg*, 333 N.C. at 492, 428 S.E.2d at 161.

Therefore, the trial court's denial of defendants' motion for summary judgment is affirmed and this action is remanded to the trial court for a determination at trial as to whether or not Northwestern had incurred any monetary damages at the time the 1988 action was filed.

Affirmed and Remanded with instructions.

Judges WELLS and COZORT concur.