**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GEORGE R. SCHWARTZ, M.D.,

Plaintiff-Appellant,

v.

COASTAL PHYSICIAN GROUP,
INC., a North Carolina corporation,

Defendant-Appellee.

No. 98-2085
(D.C. No. CIV-96-1500-RLP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **KELLY** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this diversity action, plaintiff George R. Schwartz appeals the district court's entry of summary judgment in favor of defendant Coastal Physician Group, Inc., on the ground that plaintiff's claims are barred by res judicata, and the denial of his motion to amend the complaint on the grounds of untimeliness and futility. We affirm.

Plaintiff is a physician and author specializing in the field of emergency medicine. Defendant is a physician management company that contracts with hospitals to staff their emergency rooms. In early 1994, plaintiff published an article that was highly critical of the care provided by management companies such as defendant. On April 20, 1994, defendant filed suit against plaintiff in North Carolina state court, asserting claims for libel, slander, and unfair and deceptive trade practices. Plaintiff filed a counterclaim, and later sought to add a second claim. The parties agree that plaintiff's original counterclaim and his first amended counterclaim were the same, alleging in relevant part:

> 4. Dr. George Schwartz is a nationally recognized pioneer in the professionalization of the emergency medicine field . . . . In order to silence him and intimidate him . . . Coastal has engaged in the following unfair and deceptive activities . . .
>
> . . . .
>
> b. It has filed the unjustified lawsuit in this action, not for the purpose of seeking any legitimate damages to which it is lawfully entitled in fact or law, but with the ulterior purpose of using its raw economic power to muzzle Dr. Schwartz, to intimidate other physicians who would dare to challenge Coastal's practices, to

-2-

discredit Dr. Schwartz and his views in any public or private debate . . ., to impair the efficacy of his leadership role as a founder and officer of the American Academy of Emergency Medicine, . . . and generally to discredit Dr. Schwartz in his profession . . . .

c. Coastal has attempted to protect its business practices from the harsh light of truth by defaming Dr. Schwartz in his profession and accusing him of being a teller of untruths . . . .

d. Coastal's statements defaming Dr. Schwartz were made with malice, with knowledge of falsity, or with reckless disregard for truth or falsity, in order to carry on its unfair and deceptive practices.

5. Coastal made a conscious tactical choice to file suit against Dr. Schwartz . . . . to attempt to crush Dr. Schwartz financially and to provide an example to him and other physicians of what would happen if they expressed their honest and conscientious views to the media and the public. Their motive in doing so was to silence public criticism, debate and public awareness . . . .

6. As a result of Coastal's unfair and deceptive acts and practices, Dr. Schwartz has been damaged and will be damaged by (a) the expenses of defending against the unjustified lawsuit filed by Coastal, (b) the loss of income to him professionally by loss of employment opportunities, and (c) injury to his professional reputation . . . .

7. The acts of Coastal were willful, intentional, and malicious, for which it is liable to Dr. Schwartz in punitive damages.

Appellant's App. at 54-57. On February 23, 1996, the North Carolina court entered an order dismissing defendant's claims on the ground that the statements in the article were expressions of plaintiff's opinion. The state court dismissed plaintiff's counterclaim and denied his motion to amend on the ground that "[n]either the existing nor the proposed counterclaim state claims upon which

-3-

relief may be granted." Id. at 68. Both parties subsequently dismissed their appeals to the North Carolina appellate court, and the judgment became final.

On October 30, 1996, plaintiff filed this action in the United States District Court for the District of New Mexico, asserting claims for malicious prosecution, abuse of process, defamation, interference with contractual relations, prima facie tort and punitive damages. On November 5, 1997, defendant filed a motion for summary judgment, alleging the grounds of res judicata and failure to state a claim. On November 17, 1997, plaintiff sought to amend his complaint to add his wife as a plaintiff for a loss of consortium claim, to add certain corporate officers as defendants to all claims, to add a claim of invasion of privacy and false light against all defendants, and to add a claim of aiding and abetting tortious conduct against the corporate officers. On February 20, 1998, the district court granted summary judgment in favor of defendant and denied plaintiff's motion to amend on the ground that the claims were barred by the statute of limitations and because the motion was untimely.

On appeal, plaintiff argues that the court erred in applying res judicata to his malicious prosecution claim because (1) he never had the opportunity to fully and fairly litigate the underlying issues; (2) the claim was not a compulsory counterclaim; (3) he could not have brought his claim in the first lawsuit because the claim did not accrue until after the suit terminated in his favor; and

(4) defendant's motion did not request dismissal of the malicious prosecution claim specifically on res judicata grounds.  He also argues the district court erred in denying his motion to amend because the claims were not time-barred, and because the motion was not untimely as New Mexico had just recently recognized the "aiding and abetting" tort.

We review the district court's conclusions of law as to the applicability of the doctrine of res judicata de novo.     See State Bank of S. Utah v. Gledhill (In re Gledhill)  , 76 F.3d 1070, 1082 (10th Cir. 1996).  The court's denial of plaintiff's motion to amend is reviewed for an abuse of discretion.     See Viernow v. Euripides Dev. Corp.   , 157 F.3d 785, 799 (10th Cir. 1998).

To determine whether plaintiff's malicious prosecution claim is barred by res judicata, we look to the law of North Carolina to determine the preclusive effect to be given the state court judgment.     See Allen v. McCurry  , 449 U.S. 90, 96 (1980) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so");    Rhodes v. Hannigan   , 12 F.3d 989, 991 (10th Cir. 1993) (holding federal court must give state court judgment the same preclusive effect as would the courts of the state from which it issued).

Under North Carolina law, the doctrine of res judicata operates to preclude a second suit involving (1) the same claim, (2) between the same parties or those

in privity with them, (3) when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction. See Northwestern Fin. Group, Inc. v. County of Gaston, 430 S.E.2d 689, 692-93 (N.C. Ct. App. 1993). Res judicata precludes not only relitigation of the claims actually raised in the first action, but all claims arising out of the same transaction which could and should have been raised in that action. See id. at 693. A party cannot circumvent the bar of res judicata by asserting a new legal theory or by seeking a different remedy. See Bockweg v. Anderson, 428 S.E.2d 157, 163 (N.C. 1993).

Here, a dismissal of an action for failure to state a claim is a judgment on the merits. See Dawson v. Allstate Ins. Co., 417 S.E.2d 841, 842 (N.C. Ct. App. 1992). It is undisputed that both plaintiff and defendant were parties in the prior action. And, upon comparing the allegations in plaintiff's current malicious prosecution claim with his counterclaim in the prior action, it is clear that both claims arose from the same transaction and sought redress for the same injury. That is, they both sought damages for defendant's initiation of an unjustified lawsuit, which was filed not for the recovery of legitimate damages, but for the improper purposes of intimidating and harassing plaintiff, ruining his professional reputation, and destroying him financially. See, e.g., Production Supply Co. v. Fry Steel Inc., 74 F.3d 76, 79 (5th Cir. 1996) (holding, on similar allegations, that res judicata precluded subsequent malicious prosecution claim).

While it is true that a malicious prosecution claim is not a compulsory counterclaim, cf. Hewes v. Wolfe, 330 S.E.2d 16, 22 (N.C. Ct. App. 1985) (holding related abuse of process claim not compulsory counterclaim), and that termination of the underlying lawsuit in claimant's favor is an element of the claim, see Best v. Duke Univ., 448 S.E.2d 506, 510 (N.C. 1994), once plaintiff sought damages for defendant's act of bringing an allegedly unjustified lawsuit, he was required to raise all claims arising from this act, including the malicious prosecution claim. See, e.g., Bockweg, 428 S.E.2d at 161 (noting "the common law rule against claim-splitting is based on the principle that all damages incurred as the result of a single wrong must be recovered in one lawsuit"); Gaither Corp. v. Skinner, 85 S.E.2d 909, 911 (N.C. 1955) (holding "a party defendant who interposes only a part of a claim by way of . . . counterclaim is ordinarily barred from recovering the balance in a subsequent action"); Restatement (Second) of Judgments §§ 23-25 (1980) (setting out rule against splitting claims, and clarifying that preclusionary bar applies to counterclaims).

Under North Carolina's procedural rules, plaintiff was permitted to raise the malicious prosecution claim even though it would not mature until the underlying lawsuit was terminated in his favor. See N.C. R. Civ. P. 18(b) ("Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action;

but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties."); Edwards v. Edwards , 456 S.E.2d 126, 130 (N.C. Ct. App. 1995) (holding party could have joined indemnity claim which had not yet accrued under Rule 18(b)); T.H. Blake Contracting Co. v. Sorrells , 426 S.E.2d 85, 86-88 (N.C. Ct. App. 1993) (dismissing appeal as interlocutory when defendant's malicious prosecution and abuse of process counterclaims had not yet been determined); Ballance v. Dunn , 385 S.E.2d 522, 525 (N.C. Ct. App. 1989) (holding party could have amended pleadings to add related claim which accrued after lawsuit commenced and failure to do so barred claim under res judicata); see also Northwestern Fin. Group , 430 S.E.2d at 694-95 (holding res judicata would preclude subsequent claim for damages if any portion of such damages had been incurred when first action commenced). The district court did not err, therefore, in holding plaintiff's malicious prosecution claim was barred by res judicata. [1]

---

[1] We conclude also that there was no error in dismissing plaintiff's malicious prosecution claim on res judicata grounds, despite defendant's reliance on other grounds in its summary judgment motion. Defendant's argument that res judicata applied to preclude all of plaintiff's other claims was sufficient to place plaintiff on notice that res judicata was at issue. Even if it were error to grant summary judgment on a ground other than that relied upon by defendant, it was harmless, as we are entitled to affirm the summary judgment on any ground apparent from the record, including res judicata. See Lujan v. Regents of the Univ. of Cal. , 69 F.3d 1511, 1514 (10th Cir. 1995).

Further, the court did not abuse its discretion in denying plaintiff's motion to amend the complaint to add new parties and claims. Plaintiff apparently concedes that his claims against the corporate officers for abuse of process, defamation, invasion of privacy and false light, interference with contractual relations, and prima facie tort, are barred by the statute of limitations, arguing only that he should have been permitted to add claims for malicious prosecution and aiding and abetting against the corporate officers, and to add a claim by his wife for loss of consortium. See Appellant's Br. at 15-17. We conclude the district court was well within its bounds to find the proposed amendments, offered thirteen months after the lawsuit was initiated and after dispositive motions had been fully briefed, to be untimely.

Plaintiff was aware of his wife's loss of consortium claim when he filed the initial complaint in October 1996. He also knew about his malicious prosecution claim against the corporate officers at that time. See Bourgeous v. Horizon Healthcare Corp., 872 P.2d 852, 855 (N.M. 1994) (noting that corporate officers can be held personally liable for intentional torts). Finally, plaintiff knew about his aiding and abetting tortious conduct claim when he filed the lawsuit, as New Mexico has recognized such liability for many years. See, e.g., Stinson v. Berry, 943 P.2d 129, 133 (N.M. Ct. App. 1997) ("[I]f an officer or director directs or actively participates in the commission of the tortious act of the corporation,

-9-

he will be liable, along with the corporation."); Rael v. Cadena, 604 P.2d 822, 822-23 (N.M. Ct. App. 1979) (holding person who assists or encourages another to commit a tort may be held liable). The case upon which plaintiff relies, in fact, supports this conclusion, noting New Mexico's long-time recognition of liability for aiding and abetting tortious conduct, and extending the principle to impose liability for aiding and abetting a breach of fiduciary duty. See GCM, Inc. v. Kentucky Cent. Life Ins. Co., 947 P.2d 143, 147-48 (N.M. 1997). Thus, the district court did not abuse its discretion in denying plaintiff's motion to amend.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge