483 P.2d 1351 (1971)
Edward G. McARTHUR, Albert J. Helm, and E. J. Artist, dba Shore Company, a partnership, Plaintiffs in Error,
v.
John ROSTEK and Shirley Rostek, dba John Rostek Construction Company, and Virgil K. Fitzgerald, Defendants in Error.
No. 70-634, (Supreme Court No. 24014.)
Colorado Court of Appeals, Div. II.
February 23, 1971.
Rehearing Denied March 16, 1971.
Certiorari Denied May 10, 1971.
Emmert & Doyle, Richard N. Doyle, Greeley, for plaintiffs in error.
Hill & Hill, Alden T. Hill, David L. Wood, Fort Collins, for defendants in error.
Not Selected for Official Publication.
*1352 DUFFORD, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and was subsequently transferred to the Court of Appeals under the authority vested in the Supreme Court.
The parties appear here in the same order as in the trial court and will be referred to by their trial court designations.
Plaintiffs sued the defendants to recover rent and tax arrearages allegedly due under a written lease agreement and also to recover damages, measured by the loss of future rentals, for "an anticipatory breach" of the lease agreement. The latter claim was dismissed prior to trial upon motion by the defendants, and it is from such order of dismissal that the plaintiffs bring this appeal.
Prior to the filing of the complaint in this action, plaintiffs obtained possession of the leased premises by court order. The court order was based upon a written stipulation of fact. The stipulation provides in part as follows:
"SHORE COMPANY, by Edward G. McArthur, Albert J. Helm and E. J. Artist, its owners, acknowledges receipt of possession from John Rostek Construction Company, John E. Rostek, Shirley Rostek and Virgil K. Fitzgerald, of THE GREELEY LAMPLIGHTER MOTEL, and all personal property as appears on Exhibit A attached hereto; receipt is as of the 15th day of June, 1967, pursuant to demand and notice as contained in letter dated June 1, 1967, addressed to Mr. John E. Rostek, Shirley Rostek and Virgil K. Fitzgerald, written by Shore Company, in a letter of its attorney, to them; and by letter dated June 9, 1967, written by its attorney, David B. Emmert, addressed to David L. Wood, extending time of possession demand to June 14, 1967, which notice terminated lease dated June 6, 1962, as supplemented by agreement dated February 9, 1966, as of June 14, 1967, for failure to pay rental installments and other deficiencies.
"Shore Company acknowledges that the delivery of possession of The Greeley Lamplighter Motel and personal property as appears on Exhibit A referred to above is involuntary on the part of John Rostek Construction Company, John E. Rostek, Shirley Rostek and Virgil K. Fitzgerald, and that all claims for damages and for credit for the $36,000 prepaid rental under said lease are preserved to John Rostek Construction Company, John E. Rostek, Shirley Rostek and Virgil K. Fitzgerald, and all claims Shore Company has before and after termination and re-entry, pursuant hereto, are preserved to Shore Company, including but not limited to the following: any and all rights for delinquent rents, future rents, damages, forfeiture of prepaid deposit, and any other rights whatsoever given to them by the agreement of June 6, 1962 and the agreement of February 9, 1966, or any other rights in law or equity except as affected by the actions of plaintiffs." (Emphasis added)
By the express language of this stipulation, plaintiffs terminated the lease agreement, and obtained possession of the leased premises against the will of the defendants.
It is well settled that termination of the lease agreement or eviction of the tenant by the landlord relieves the tenant from all liabilities to accrue in the future, including rent, except where the parties, by express agreement, have contracted to the contrary. 49 Am.Jur.2d Landlord and Tenant §§ 575 and 1013.
Paragraph 11 of the lease agreement provides in part as follows:
"If Tenant shall fail to pay any instalments or rent promptly on the day when the same shall become due and payable hereunder, and shall continue in default for a period of ten (10) days after written notice thereof by Landlord, or if Tenant shall fail to promptly keep and *1353 perform any other affirmative covenant of this lease, strictly in accordance with the terms of this lease, and shall continue in default for a period of thirty (30) days after written notice thereof by Landlord of default and demand of performance, then and in any such event, and as often as any such event shall occur, Landlord may (a) declare the said term ended and enter into said premises demised, or any part thereof, either with or without process of law, and expel Tenant or any person occupying the same in or upon said premises, using such force as may be necessary so to do, and so to repossess and enjoy said premises as in the Landlord's former estate; or (b) re-let the premises, applying said rent from the new tenant on this lease and Tenant shall be responsible for no more than the balance that may be due, should a balance exist." (Emphasis added)
Plaintiffs contend that they elected to proceed under subparagraph (b) of paragraph 11 and were, therefore, entitled to damages for the loss of future rentals.
As we read paragraph 11, the landlord can elect to terminate the lease agreement and resume possession of the leased premises under subparagraph (a) or "re-let" the premises under subparagraph (b). Paragraph 11 does not provide that the landlord may elect to terminate the lease agreement, resume possession of the premises, and hold the tenant liable for future accruing rentals.
Since it is clear that plaintiffs, by express stipulation, terminated the lease agreement and resumed possession of the leased premises, we rule that this constituted, as a matter of law, an election to proceed under subparagraph (a) of paragraph 11 of the lease agreement. That being the case, the defendants were relieved of any liability for future accruing rentals.
The judgment is affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.