Darrell W. **GORDON** and Gary F. Peterson, Plaintiffs-Appellees,

v.

Jakob **SCHNEIKER,** Defendant and Counterclaimant-Appellant.

No. 83CA1037.

Colorado Court of Appeals, Div. III.

Oct. 18, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Granted April 29, 1985.

**4**

No appearance for plaintiffs-appellees.

Hart and Trinen, Donald T. Trinen, Stephanie M. Smith, Denver, for defendant and counterclaimant-appellant.

BABCOCK, Judge.

Defendant, Jakob Schneiker, (sublessor) appeals the trial court's judgment entered on his counterclaim limiting damages to rent due from Darrell Gordon and Gary Peterson (sublessees) for the months prior to the cancellation of a primary lease. We affirm.

In the fall of 1981, sublessees, after operating for seventeen months a carwash business upon premises leased from sublessor, ceased paying rent, abandoned the premises, and sued sublessor for deceit. Sublessor counterclaimed for rent due over the full term of the sublease, which, like the prime lease, was to end in May 1983.

In November 1981, sublessor reentered the premises. However, being unable to relet the premises, he sought to mitigate damages by negotiating with the prime lessor (owner) to "let him out" of the prime lease. In February 1982, owner and sublessor by agreement cancelled the prime lease, the owner retook possession of the premises, and sublessor was discharged from further liability under the prime lease.

Sublessor argues that he did not intend for cancellation of the prime lease to operate as a termination of the sublease; rather, he contends that cancellation of the prime lease was in furtherance only of his duty to mitigate damage. Thus, sublessor contends the trial court erred in holding that he was barred, as a matter of law, from recovering damages for breach of the sublease attributable to the period after cancellation of the prime lease. We disagree.

If a landlord's acts are inconsistent with continuation of a lease, the law imposes the fiction of surrender and termination. *See First National Bank v. Rogers,* 50 Nev. 325, 258 P. 1024 (1927); *see also 3A* G. Thompson, *Thompson on Real Property* § 1346 (1980). Termination of a lease relieves a tenant from all liabilities accruing in the future, including rent, except where the parties by express agreement have contracted to the contrary. *McArthur v. Rostek,* 483 P.2d 1351 (Colo.App. 1971) (not selected for official publication). *Cf. GTM Investments v. The Depot, Inc.,* 694 P.2d 379 (Colo.App.1984).

Here, cancellation of the prime lease by agreement of the parties to the prime lease, which discharged sublessor from further liability thereunder and revested possession of the premises in the owner, constituted acts so inconsistent with continuation of the sublease as to cause a surrender and termination of the sublease as a matter of law. *See First National Bank v. Rogers, supra; see also, 2* R. Powell & P. Rohan, *Powell on Real Property* § 248(5) (1983); *1* H. Tiffany, *Law of Real Property* § 150 (1939). And, there being no express agreement between sublessor and sublessee for recovery of future rent upon termination of the sublease, sublessor was not entitled to rent due after cancellation of the prime lease. *See McArthur v. Rostek, supra.*

Judgment affirmed.

BERMAN and METZGER, JJ., concur.