HOLLY FARM FOODS, INC., PLAINTIFF v. HENRY R. KUYKENDALL, JOHN R. KUYKENDALL, AND LOUANN COULTER, DEFENDANTS

No. 9323SC206

(Filed 19 April 1994)

1. **Landlord and Tenant § 84 (NCI4th)— ejectment—termination of lease—obligation to pay future rent terminated**

    Since the lease in question did not contain a provision expressly holding the tenant liable for future rents after eject-

HOLLY FARM FOODS v. KUYKENDALL

[114 N.C. App. 412 (1994)]

ment, the lease was terminated when defendants were removed and the lessor was placed in possession pursuant to the summary ejectment proceeding; thus, defendants' obligation to pay future rent was also terminated and the trial court erred by concluding to the contrary.

**Am Jur 2d, Landlord and Tenant §§ 626 et seq.**

2. **Judgments § 302 (NCI4th)— action for rent—prior action for rent as res judicata**

Plaintiff's prior action in district court for back rent, filed after defendants had been ejected, operated as a bar to this action for subsequent rent payments under the doctrine of res judicata, since all of plaintiff's damages resulted from defendants' breach of the lease agreement between the parties; the ejectment of defendants terminated the lease and plaintiff's resulting claim was for damages for breach of contract, not future rent; in the district court action plaintiff's damages for breach of contract could have easily been ascertained; and plaintiff therefore could have raised the issue of its damages for defendants' breach of the lease.

**Am Jur 2d, Judgments § 428.**

Judge GREENE concurring in the result.

Appeal by defendants from judgment entered 18 December 1992 by Judge James A. Beaty in Wilkes County Superior Court. Heard in the Court of Appeals 7 December 1993.

*John N. Ogburn, Jr., for defendants-appellants.*

*McElwee, McElwee & Warden, by William C. Warden, Jr., for plaintiff-appellee.*

WYNN, Judge.

On 28 June 1976, John E. Chapman, Jr. (Chapman), as lessor, and HTL Enterprises, Inc. (HTL), as lessee, entered into a lease agreement for a commercial property in Randolph County. The lease ran for a term of twenty years from April 1977 to March 1997 and rent was established at $1,350.00 per month. Plaintiff Holly Farms Foods, Inc., which owned HTL, executed a written guaranty covering HTL's rental obligation. On 13 January 1987 HTL assigned the lease to defendants Henry R. Kuykendall, John

R. Kuykendall, and Louann Coulter to use the property as a restaurant and plaintiff continued its guaranty. Defendants failed to pay rent from May 1987 through July 1988. Chapman then instituted a summary ejectment proceeding against defendants pursuant to N.C. Gen. Stat. § 42-26 and on 2 May 1988 the magistrate ordered defendants removed from the premises and that Chapman be placed in possession.

Plaintiff, as guarantor, then brought a civil action in district court against defendants for the rent from May 1987 through July 1988 which plaintiff had paid to Chapman as provided by the guaranty. Plaintiff obtained a default judgment in the amount of $20,250 and a declaratory judgment that:

> defendants are hereby adjudged to be jointly and severally liable for any additional sums paid by the plaintiff to the landlord, John E. Chapman, Jr., for rental due upon the premises leased by the defendants, except this sum is to be reduced by any future rentals received by the plaintiff or John E. Chapman, Jr., from any new tenants of the leased premises.

On 30 July 1991 plaintiff brought this action for rent plaintiff paid to Chapman from August 1988 through July 1991. After a hearing, the trial court entered judgment for plaintiff in the amount of $31,500.00. From this judgment, defendants appeal.

I.

[1] Defendants first argue that summary ejectment terminates the lease and relieves the tenant of liability for future rent absent a contrary provision in the lease. We agree.

The summary ejectment statute, N.C. Gen. Stat. § 42-26, provides three separate remedies for the lessor: "(i) possession of the premises; (ii) an award of unpaid rent; and (iii) an award for the tenant's occupation of the premises after the cessation of the estate." *Chrisalis Properties, Inc. v. Separate Quarters, Inc.*, 101 N.C. App. 81, 86, 398 S.E.2d 628, 632 (1990), *disc. rev. denied*, 328 N.C. 570, 403 S.E.2d 509 (1991). A breach of the lease, such as the failure to pay rent, cannot be the basis of summary ejectment unless the lease provides for termination by such breach or reserves a right of reentry for the breach. *Stanley v. Harvey*, 90 N.C. App. 535, 537, 369 S.E.2d 382, 384 (1988). "A successful summary ejectment action terminates a lease and a tenant's obligation to pay future rent. Consequently, if a landlord does not want this result,

he should file a suit for rent instead." Janice L. Mills, *North Carolina Landlord and Tenant Breaches and Remedies* § 6-1, at 107 (1991); *see also Nylen v. Park Doral Apartments*, 535 N.E.2d 178, 181 (Ind. App. 1989) ("It is a general rule that a tenant will be relieved of any obligation to pay further rent if the landlord deprives the tenant of possession and beneficial use and enjoyment of any part of the demised premises by an actual eviction."); *McArthur v. Rostek*, 483 P.2d 1351, 1352 (Colo. App. 1971) ("[T]ermination of the lease agreement or eviction of the tenant by the landlord relieves the tenant from all liabilities to accrue in the future, including rent, except where the parties, by express agreement, have contracted to the contrary."); 50 Am. Jur. 2d *Landlord and Tenant* § 1224 (1990) ("After the dispossession of a tenant in summary proceedings for nonpayment of rent, the lease is at an end, and his liability thereafter is for damages, and not for rent.").

After the lease is terminated, the former tenant is no longer liable for rent but rather for damages from his breach of contract. *United States Rubber Co. v. White Tire Co.*, 231 S.C. 84, 95, 97 S.E.2d 403, 407 (1956); *Schneiker v. Gordon*, 732 P.2d 603, 608 (Colo. 1987); 51C C.J.S. *Landlord and Tenant* § 250(2) (1968); *see Chrisalis*, 101 N.C. App. at 88, 398 S.E.2d at 633 (holding that damages for future rents could be ascertained at the summary ejectment proceeding). The measure of damages is the amount of rent the lessor would have received in rent for the remainder of the term, less the amount received from the new tenant. *White Tire*, 231 S.C. at 95, 97 S.E.2d at 409; *see Isbey v. Crews*, 55 N.C. App. 47, 284 S.E.2d 534 (1981). The lessor has a duty to mitigate his damages. *Isbey*, 55 N.C. App. at 51, 284 S.E.2d at 538 (1981); *Weinstein v. Griffin*, 241 N.C. 161, 84 S.E.2d 549 (1954).

In the instant case the lease contained a default provision which provided in pertinent part:

> If Tenant shall continue in default in the payment of any rental or other sum of money becoming due hereunder for a period of fifteen (15) days after notice of such default has been given to Tenant . . . then in any such event Landlord shall have the right and option to terminate this Lease and shall have the immediate right of reentry to remove all persons and property from the Demised Premises and dispose of or store such property as it sees fit, all without resort to legal process and

HOLLY FARM FOODS v. KUYKENDALL

[114 N.C. App. 412 (1994)]

without being deemed guilty of trespass, and without prejudice to other remedies available to Landlord at law.

The trial court made the following conclusion of law:

5. The summary ejectment proceedings before the Magistrate were for the recovery of possession of the leased premises only, and no claim was made for past-due rent. The judgment of the Magistrate giving possession of the leased premises to the landlord did not have the effect of terminating the Defendants' obligations under the lease and did not relieve the Defendants of any further obligations.

Since this lease does not contain a provision expressly holding the tenant liable for future rents after ejectment, the lease was terminated when defendants were removed and Chapman was placed in possession pursuant to the summary ejectment proceeding. *See Stanley*, 90 N.C. App. at 537, 369 S.E.2d at 384; *McArthur*, 483 P.2d at 1352. Thus defendants' obligation to pay future rent was also terminated and the trial court erred by concluding to the contrary. *See Mills*, § 6-1 at 107.

II.

[2] Defendants next argue that the district court's judgment operates as a bar to this action under the doctrine of *res judicata*. Plaintiff counters that the district court's judgment adjudicated the defendants' liability regarding future rents and that the instant case determined the amount of that liability. We agree with defendants.

The doctrine of *res judicata* provides that a final judgment on the merits in a prior action precludes a second suit based on the same cause of action between the same parties or those in privity with them. *Bockweg v. Anderson*, 333 N.C. 486, 428 S.E.2d 157 (1993); *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986). *Res judicata* not only bars the relitigation of matters determined in the prior proceeding but also " 'all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence could and should have brought forward.' " *Ballance v. Dunn*, 96 N.C. App. 286, 290, 385 S.E.2d 522, 524 (1989) (quoting *Bruton v. Carolina Power & Light Co.*, 217 N.C. 1, 7, 6 S.E.2d 822, 826 (1940) ); *McInnis*, 318 N.C. at 428, 349 S.E.2d at 556. All of a party's damages resulting from a single wrong must be recovered in a single action. *North-*

*western Financial Group, Inc. v. County of Gaston*, 110 N.C. App. 531, 538, 430 S.E.2d 689, 694, *disc. rev. denied*, 334 N.C. 621, 435 S.E.2d 337 (1993); *Bockweg*, 333 N.C. at 492, 428 S.E.2d at 161; *Chrisalis*, 101 N.C. App. at 88, 398 S.E.2d at 633. The purpose of the doctrine of *res judicata* is to protect litigants from the burden of relitigating previously decided matters and to promote judicial economy by preventing unnecessary litigation. *Bockweg*, 333 N.C. at 491, 428 S.E.2d at 161.

In the instant case, all of plaintiff's damages resulted from defendants' breach of the lease agreement between the parties. We have already determined that the ejectment of defendants terminated the lease and that plaintiff's resulting claim was for damages for breach of contract, not future rent. In the action before the district court, since defendants had already been ejected, plaintiff's damages for the breach of contract could have easily been ascertained. Plaintiff, therefore, could have raised the issue of its damages for defendants' breach of the lease. *See Chrisalis*, 101 N.C. App. at 88, 398 S.E.2d at 633. The doctrine of *res judicata* applies to issues which could have been raised in the prior action but were not. *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 306 S.E.2d 513 (1983). *See Chrisalis*, 101 N.C. App. at 88, 398 S.E.2d at 633 ("Absent evidence raising an issue of mitigation of damages, plaintiff's damages for future rents could have been determined at the time of the summary ejectment proceeding.") Therefore, under the doctrine of *res judicata*, plaintiff's claims in the present action merged into the district court's judgment and plaintiff is barred from subsequently raising the claims. *Chrisalis*, 101 N.C. App. at 88, 398 S.E.2d at 633.

Based upon our disposition of this case, we need not address defendants' remaining assignment of error. For the foregoing reasons, the judgment of the trial court is

Reversed.

Judge COZORT concurs.

Judge GREENE concurs in the result in a separate opinion.

Judge GREENE concurring in the result.

I agree with the majority that the eviction of the tenant terminated the lease and that the tenant is therefore no longer liable

for rent accruing after the eviction. Robert S. Schoshinski, *American Law of Landlord and Tenant* § 6.1, at 382 (1980) (liability for rent ceases upon termination of lease). The lease at issue specifically provided that the landlord had the right to terminate and, upon termination, to reenter. I do not agree that an evicted tenant is, nonetheless, liable for damages in the amount of "the rent for the remainder of the term, less the amount received from the new tenant." In the absence of a residual liability or indemnity clause in the lease agreement, *American Law of Landlord and Tenant* § 6.1, at 383-84, which this lease does not contain, the tenant is not liable for any rent or damages after the cessation of the estate. 11 Samuel Williston, *A Treatise on the Law of Contracts* § 1403 (Walter H.E. Jaeger ed., 3d ed. 1968) (eviction of tenant precludes recovery for damages for loss of lease); *see Chrisalis Properties, Inc. v. Separate Quarters, Inc.*, 101 N.C. App. 81, 86, 398 S.E.2d 628, 632 (1990) (evicted tenant responsible for unpaid rent due at time of actual eviction plus damages for occupation of premises after cessation of lease estate), *disc. rev. denied*, 328 N.C. 570, 403 S.E.2d 509 (1991).

Thus the landlord was not entitled to any damages after 2 May 1988, the date of the eviction, and the judgment of the trial court must be reversed. I would not therefore reach the *res judicata* issue raised by the tenant and addressed by the majority.