IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-1214

Filed: 2 August 2016

New Hanover County, No. 14 CVS 223

JAMES K. SANDERFORD, Plaintiff,

v.

DUPLIN LAND DEVELOPMENT, INC., Defendant.

Appeal by defendant from Order entered 29 June 2015 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 11 May 2016.

> *Law Offices of G. Grady Richardson, Jr., P.C., by G. Grady Richardson, Jr., for plaintiff-appellee.*

> *Bill Faison Attorney, PLLC, by Bill Faison, and Fletcher, Toll & Ray, LLP, by George L. Fletcher, for defendant-appellant.*

ELMORE, Judge.

Duplin Land Development, Inc. (defendant) appeals from the trial court's 29 June 2015 order, which denied defendant's motion for summary judgment. Defendant claims that the trial court's order affects a substantial right and is immediately appealable because *res judicata* bars this action. James K. Sanderford (plaintiff) filed a motion to dismiss the appeal. Pursuant to plaintiff's motion, we dismiss the appeal.

**I. Background**

After closing on a lot in the Bluffs at River Landing in September 2007, plaintiff filed a complaint against defendant in the United States District Court for the Eastern District of North Carolina on 10 November 2010 seeking specific enforcement of Addendum B to his lot purchase agreement, liability under the Interstate Land Sales Full Disclosure Act (ILSFDA) and the Unfair and Deceptive Trade Practices Act (UDTPA), and a claim for fraud. The federal district court entered an order on 15 February 2012 granting summary judgment in favor of defendant, and the United States Court of Appeals for the Fourth Circuit affirmed on 2 July 2013. *Sanderford v. Duplin Land Dev., Inc.*, No. 7:10-CV-230 H(2), 2012 WL 506667 (E.D.N.C. Feb. 15, 2012), *aff'd*, 531 F. App'x 358 (4th Cir. July 2, 2013).

Plaintiff filed the instant action on 21 January 2014 in New Hanover County Superior Court, alleging breach of implied warranty and breach of fiduciary duty, contending that the lot was not suitable for construction of a single-family residence. Plaintiff and defendant both moved for summary judgment. On 3 February 2015, the trial court granted defendant's motion on plaintiff's breach of implied warranty claim, and on 29 June 2015, it denied defendant's motion on plaintiff's breach of fiduciary duty claim. Defendant appeals, claiming that the trial court's order affects a substantial right and is immediately appealable due to the affirmative defense of *res judicata*. Plaintiff filed a motion to dismiss defendant's appeal, arguing defendant has not shown that the order affects a substantial right entitling it to an immediate

appeal.

## II. Analysis

At the outset, we must address this Court's jurisdiction to hear this appeal. In defendant's statement of the grounds for appellate review, it claims,

> [T]he trial court's summary judgment order affects a substantial right of [defendant] as described in N.C.G.S. 1-277 and N.C.G.S. 7A-27(d)(1) in that [plaintiff] and [defendant] have already litigated the facts surrounding the purchase and sale of Lot 60 to a final judgment in favor of [defendant]. Continuing the current litigation could lead to a verdict inconsistent with summary judgment in the Federal action. Thus, this interlocutory appeal involves a "substantial right". *Country Club of Johnston County, Inc. v. U.S. Fid. & Guar. Co.*, 135 [N].C. App. 159, 167, 519 S.E.2d 540, 546 (1999).

In plaintiff's motion to dismiss, he argues that "the present action does not involve the same facts or claims as the previous actions, does not affect any substantial right, and no manifest injustice will result from failing to consider the interlocutory appeal of the Order." To support his current claim of breach of fiduciary duty, plaintiff alleges that defendant "knew or should have known there were unsuitable buried materials on the Lot such that a single family residence could not be built thereon, and [defendant] concealed this information from Plaintiff despite its duty as a fiduciary to disclose material facts regarding the Lot." Plaintiff states, however, that in the federal lawsuit, he claimed

> (1) [defendant] misrepresented that the Clark Group would do the sampling and testing provided for in Addendum B

> when another group actually took the samples and sent them to the Clark Group only for testing; and, (2) [defendant] wrongfully omitted from its notice to Plaintiff concerning its receipt of a confirmatory report indicating acceptable levels of fecal coliform that one monitoring well showed readings above the accepted standards.

"As a general rule, a moving party may not appeal the denial of a motion for summary judgment because ordinarily such an order does not affect a 'substantial right.'" *Bockweg v. Anderson*, 333 N.C. 486, 490, 428 S.E.2d 157, 160 (1993) (citing *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 344 (1978)). In *Bockweg*, however, our Supreme Court concluded that "the denial of a motion for summary judgment based on the defense of *res judicata may* affect a substantial right, making the order immediately appealable." *Id.* at 491, 428 S.E.2d at 161 (citing N.C. Gen. Stat. § 1-277 (1983) (emphasis added); N.C. Gen. Stat. § 7A-27(d) (1989); and *Kleibor v. Rogers*, 265 N.C. 304, 306, 144 S.E.2d 27, 29 (1965)). Since that decision, this Court has concluded, "[W]e do not read *Bockweg* as mandating in every instance immediate appeal of the denial of a summary judgment motion based upon the defense of *res judicata*." *Country Club of Johnston Cnty., Inc. v. U.S. Fid. & Guar. Co.*, 135 N.C. App. 159, 166, 519 S.E.2d 540, 545 (1999) (noting that "[t]he opinion pointedly states reliance upon res judicata '*may* affect a substantial right'"). Because the current case presents no possibility of inconsistent verdicts, we dismiss the appeal.

"Under the doctrine of res judicata or 'claim preclusion,' a final judgment on the merits in one action precludes a second suit based on the same cause of action

between the same parties or their privies." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (citations omitted). "*Res judicata* not only bars the relitigation of matters determined in the prior proceeding but also 'all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence could and should have brought forward.'" *Holly Farm Foods v. Kuykendall*, 114 N.C. App. 412, 416, 442 S.E.2d 94, 97 (1994) (quoting *Ballance v. Dunn*, 96 N.C. App. 286, 290, 385 S.E.2d 522, 524 (1989)). Furthermore, "[t]he defense of res judicata may not be avoided by shifting legal theories or asserting a new or different ground for relief[.]" *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 30, 331 S.E.2d 726, 735 (1985) (citations omitted).

Our Supreme Court observed that "the common law rule against claim-splitting is based on the principle that all damages incurred as the result of a *single wrong* must be recovered in one lawsuit." *Bockweg*, 333 N.C. at 492, 428 S.E.2d at 161 (citing *Smith v. Pate*, 246 N.C. 63, 67, 97 S.E.2d 457, 460 (1957)). However, "[w]here a plaintiff has suffered multiple wrongs at the hands of a defendant, a plaintiff may normally bring successive actions, or, at his option, may join several claims together in one lawsuit." *Id.* (internal citations omitted). Although "there has been a strong movement on the part of some litigants for the courts of this State to adopt the Restatement's 'transactional approach' to res judicata for determining whether two causes of action are part of the same claim[,]" neither appellate court

has adopted it. *Nw. Fin. Grp., Inc. v. Cnty. of Gaston*, 110 N.C. App. 531, 537, 430 S.E.2d 689, 693 (1993) ("Under the transactional approach all issues arising out of a transaction or series of transactions must be tried together as one claim.") (citation and quotations omitted); *see also Bockweg*, 333 N.C. at 498, 428 S.E.2d at 165 (Meyer, J., dissenting) ("Under the modern, transactional approach, a claim is defined as 'a single core of operative facts.' ").

Here, it is undisputed that the parties are identical and that they litigated a prior action resulting in a final judgment on the merits. The only issues are whether the current claim was previously litigated in the federal suit and, if not, whether it should have been. As stated above, in plaintiff's federal suit, he sought specific enforcement of Addendum B, relief for violations of ILSFDA and UDTPA, and a claim for fraud. These claims surrounded plaintiff's dissatisfaction with how defendant handled the testing and reporting of the fecal coliform issue.

The federal district court held that defendant provided plaintiff with timely notice of the confirmatory report, foreclosing plaintiff's claim for specific enforcement of the remedies in Addendum B. *Sanderford*, 2012 WL 506667, at *3. Moreover, the court found that although defendant used another company to take samples of the soil, defendant did not breach its contract in light of the Clark Group's oversight of the process. *Id.* at *4. The court also determined that defendant did not misrepresent that it received a confirmatory report. *Id.* Lastly, it concluded that Addendum B to

the purchase agreement was an unenforceable contract. *Id.* The Fourth Circuit affirmed. *Sanderford*, 531 F. App'x 358.

In the instant action, the only allegation remaining is breach of fiduciary duty based on defendant's failure, through its agent Mac Rogerson, who plaintiff claimed was also his realtor and "stood in a fiduciary relationship to [p]laintiff," "to disclose all material facts known to [d]efendant regarding the Lot." Plaintiff alleged that "[d]efendant failed to meet its obligations by not disclosing the Buried Unsuitable Materials[.]" Additionally, plaintiff claimed that a "Soil Bearing Test uncovered buried organic material beginning approximately three feet below the surface" indicating that "the Lot is unsuitable for construction." Moreover, "[t]he Unsuitable Buried Material is approximately eighteen (18) to twenty four (24) inches thick across the Lot[,]" and "[u]pon information and belief, . . . [d]efendant[ ] covered the Unsuitable Buried Material with fill dirt, in order to cover and obscure" it, rather than remove it. Based on the breach of fiduciary duty claim, plaintiff is seeking damages in excess of $25,000.

Although defendant argues that "[t]he instant action like the Federal action is dependent upon a soils issue as it relates to the lot sale[,]" there was not a final judgment on the merits in the prior action on the current claim of breach of fiduciary duty based on the alleged unsuitable buried material affecting the suitability of the lot for construction. Moreover, the current claim is not a "material and relevant

matter[ ] within the scope of the pleadings" of the federal suit, which focused solely on Addendum B. *Holly Farm Foods*, 114 N.C. App. at 416, 442 S.E.2d at 97. In *Skinner v. Quintiles Transnational Corporation*, 167 N.C. App. 478, 480–81, 606 S.E.2d 191, 192 (2004), cited by defendant, the plaintiff filed a lawsuit under the Americans with Disabilities Act in 2001, and the plaintiff filed a second lawsuit under North Carolina's Retaliatory Employment Discrimination Act in 2003. In concluding that the claims in plaintiff's second lawsuit were barred by *res judicata*, we explained that "each of plaintiff's two claims [were] based upon her termination by defendant and that the instant action merely present[ed] a new legal theory as to why plaintiff was terminated by defendant." *Id.* at 483–84, 606 S.E.2d at 194. *Contra Tong v. Dunn*, 231 N.C. App. 491, 501, 752 S.E.2d 669, 676 (2013) ("[Although] claims of (1) fraudulent and negligent misrepresentations to an employee, and (2) a breach of fiduciary duty to a common shareholder, arose out of a common set of facts[,]" the plaintiff "is seeking, in this case, a remedy for a 'separate and distinct [tortious] act leading to a separate and distinct injury.' ").

Here, unlike in *Skinner*, plaintiff has not merely presented a new legal theory regarding specific enforcement of Addendum B or misrepresentations regarding the confirmatory report. Rather, plaintiff has asserted a separate cause of action for damages for breach of fiduciary duty regarding defendant's alleged duty, and breach of such duty, to disclose that the lot was unsuitable for a single-family residence.

As was the case in *Bockweg*, here, "[p]laintiff[ ] did not merely change [his] legal theory or seek a different remedy. Rather, plaintiff[ ] [is] seeking a remedy for a separate and distinct negligent act leading to a separate and distinct injury." *Bockweg*, 333 N.C. at 494, 428 S.E.2d at 163. Although "all damages incurred as the result of a *single wrong* must be recovered in one lawsuit," here, where plaintiff "has suffered multiple wrongs[,] . . . plaintiff may normally bring successive actions[.]" *Id.* at 492, 428 S.E.2d at 161.

Defendant also asks us, pursuant to Rule 2 of the Rules of Appellate Procedure, to exercise our plenary power to avoid manifest injustice and consider its argument based on the affirmative defense of the statute of limitations. While Rule 2 "permits the appellate courts to excuse a party's default in both civil and criminal appeals when necessary to 'prevent manifest injustice to a party' or to 'expedite decision in the public interest[,]' " *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 196, 657 S.E.2d 361, 364 (2008) (citing N.C. R. App. P. 2), invoking it here is not appropriate.

### III. Conclusion

For the foregoing reasons and pursuant to plaintiff's motion, because the current case presents no possibility of inconsistent verdicts, we dismiss defendant's appeal from the trial court's interlocutory order as it does not affect a substantial right.

DISMISSED.

Judges McCULLOUGH and INMAN concur.