IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-198

No. COA21-269

Filed 5 April 2022

Carteret County, No. 20 CVS 042

JAMES R. BARRINGTON, Plaintiff,

v.

JEAN CANDY DYER, Executrix for the Estate of William D. Barrington, Jr.,
Defendant.

Appeal by plaintiff from order entered 3 December 2020 by Judge Paul Quinn

in Carteret County Superior Court. Heard in the Court of Appeals 11 January 2022.

*White & Allen, P.A., by E. Wyles Johnson, Jr., for plaintiff-appellant.*

*Schulz Stephenson Law, by Bradley N. Schulz, for defendant-appellee.*

TYSON, Judge.

James R. Barrington ("Plaintiff") appeals from an order which granted the

executrix of William D. Barrington, Jr's estate, Jean Candy Dyer's ("Defendant") Rule

12(b)(6) motion to dismiss, a gatekeeping order against Plaintiff, and an award of

attorney's fees. We affirm in part, vacate in part, and remand.

## I.  Background

William D. Barrington, Jr. ("Decedent") and wife, Barbara L. Barrington

("Barrington), owned two parcels of real property located in Carteret County and real

property located in Massachusetts. Decedent and Barrington are the parents of three children, including Plaintiff and Defendant.

¶ 3        On 8 June 2011, Decedent and Barrington executed the William D. Barrington and Barbara L. Barrington Revocable Trust ("Revocable Trust") and the William D. Barrington and Barbara L. Barrington Irrevocable Trust ("Irrevocable Trust"). Under the terms of both Revocable and Irrevocable Trusts, all of the trust property was to be distributed to Plaintiff *per stirpes*.

¶ 4        Decedent and Barrington executed a quit-claim deed conveying a 99.99% remainder interest in real property into the Revocable Trust, which was recorded in the Carteret County Registry at Book 1379, Page 265 on 29 June 2011. Decedent and Barrington reserved a life estate for themselves.

¶ 5        Barrington died 28 March 2012. Three years later, Decedent terminated the remainder interest in the revocable trust and conveyed the property to himself in fee simple absolute on 9 February 2015. This conveyance was recorded in the Carteret County Registry in Book 1501, Pages 267-268.

¶ 6        Decedent died two years later on 23 March 2017. Decedent's will was probated with the Carteret County Clerk of Superior Court on 25 April 2017. Plaintiff did not assert or file any claim against Decedent's estate during the statutory period.

¶ 7        Plaintiff filed an action for breach of trust and breach of fiduciary duty relating to the 2015 transfers of real estate against Decedent's estate on 9 February 2018 in

Carteret County Superior Court. Plaintiff voluntarily dismissed the action on 26 February 2018. That same day Plaintiff filed another action in Carteret County Superior Court alleging similar claims against Decedent's estate. Plaintiff also pleaded claims against attorney Jana Wallace ("Wallace"), who had prepared the deeds at issue. Plaintiff voluntarily dismissed the claims against Wallace. Following a hearing, the trial court granted the estate's motion to dismiss on 14 August 2018.

¶ 8 Plaintiff filed a notice of appeal to this Court, which was voluntarily dismissed following Plaintiff's failure to comply with the Rules of Appellate Procedure. Plaintiff filed another action with nearly identical claims related to the same real property on 27 July 2018. Following a hearing, the trial court entered an order dismissing Plaintiff's action on 16 April 2019.

¶ 9 Plaintiff appealed to this Court, which dismissed Plaintiff's appeal by opinion dated 21 April 2020. *See Barrington v. Dyer*, 271 N.C. App. 179, 840 S.E.2d 540 (2020) (unpublished).

¶ 10 Plaintiff filed the underlying action on 13 January 2020 alleging similar claims as were asserted in his prior three actions. Defendant filed a motion to dismiss, motion to stay, motion for gatekeeper order, and motion for attorney's fees on 16 March 2020.

¶ 11 The trial court entered an order allowing Defendant's Rule 12(b)(6) motion to dismiss, based upon res judicata. The trial court also entered a gatekeeping order

against Plaintiff and awarded attorney's fees to Defendant on 3 December 2020. Plaintiff appeals.

## II. Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issues

Plaintiff argues the trial court erred by: (1) allowing Defendant's motion to dismiss; (2) entering the gatekeeper order against him; and, (3) awarding Defendant attorney's fees.

## IV. Motion to Dismiss

## A. Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." *Kemp v. Spivey,* 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a [Rule] 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." *Carlisle v. Keith*, 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (citation and quotation marks omitted).

This Court, on appeal from an order allowing a motion to dismiss under Rule 12(b)(6), reviews *de novo* "whether, as a matter of law, the allegations of the complaint . . . are sufficient to state a claim upon which relief may be granted[.]" *Christmas v. Cabarrus Cty.*, 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (ellipses original)

(citation and quotation marks omitted). This Court also "consider[s] the allegations in the complaint true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." *Id.* (citation omitted).

## B. Res Judicata

Plaintiff asserts the trial court erred in dismissing his complaint for res judicata. Dismissal of a complaint under Rule 12(b)(6) for failure to state a claim is proper when one of the following conditions is met: "(1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

"The doctrine of *res judicata* provides that a final judgment on the merits in a prior action precludes a second suit based on the same cause of action between the same parties or those in privity with them." *Holly Farm Foods, Inc. v. Kuykendall*, 114 N.C. App. 412, 416, 442 S.E.2d 94, 97 (1994). Res judicata not only bars "the relitigation of matters determined in the prior proceeding but also all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence could and should have brought forward." *Id.* (citation and internal quotation marks omitted). "The defense of res judicata may not be avoided

by shifting legal theories or asserting a new or different ground for relief[.]" *Rodgers Builders v. McQueen*, 76 N.C. App. 16, 30, 331 S.E.2d 726, 735 (1985) (citation omitted).

¶ 18    Plaintiff's claims all stem from the same factual basis: Decedent's conveyances from the revocable trust and Plaintiff's claims in the parcels. When Plaintiff did not pursue an appeal or further review from this Court's 21 April 2020 opinion, res judicata precludes Plaintiff from relitigating the same or similar claims in a subsequent action. Plaintiff's complaint was properly dismissed for failure to state a claim upon which relief could be granted for res judicata.

## V.    Gatekeeper Order

### A. Standard of Review

¶ 19    This Court reviews the trial court's imposition of a sanction, including a gatekeeper order, under an abuse of discretion standard. *See Fatta v. M & M Properties. Mgmt., Inc.*, 224 N.C. App. 18, 26, 735 S.E.2d 836, 841 (2012). A trial court may be reversed for abuse of discretion only upon a showing that its actions are "manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980).

### B. Analysis

¶ 20    Plaintiff argues the trial court erred by entering a gatekeeper order against him. The gatekeeper order prohibits Plaintiff:

> from filing any further complaints, motions or papers in the courts of Carteret County, North Carolina, related in any way to the Estate of William Barrington Jr., the real estate or personal property at issue in this Estate or previously owned by Mr. Barrington, or claims of Breach of Trust or Breach of Fiduciary Duty related in any way to the Revocable Trust of William D. Barrington, Jr., William D. Barrington Jr., the Estate of William D. Barrington Jr., or Jean Candy Dyer, Executrix, or individually.

Plaintiff asserts this gatekeeper order is overbroad, based upon improper findings of fact, and fails to include a method by which he could file legitimate actions in the future.

¶ 21 In *Cromer v. Kraft Foods North America*, the United States Court of Appeals for the Fourth Circuit stated that prior to the imposition of a prefiling injunction the trial court is required to:

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004).

¶ 22 Here, the trial court's order contains specific findings of fact, reciting the history of Plaintiff's litigation against Defendant and Decedent's estate, and its conclusion that no basis exists in law for the underlying complaint. The trial court

concluded "Plaintiff's numerous filings were frivolous, amounted to harassment, have caused the Defendant to incur needless expense, and have placed an undue burden on the judicial system. The four cases have no merit."

¶ 23 The trial court further noted Plaintiff never asserted a claim against Decedent's estate and the creditor notice and claim period have long expired. Plaintiff pursued four separate actions in North Carolina, including two prior appeals to this Court, plus two actions filed in the Commonwealth of Massachusetts. The trial court properly considered these four factors, and its conclusions are supported by the record. *See id.*

¶ 24 The Court of Appeals for the Fourth Circuit noted in *Cromer* that a trial court must also narrowly tailor a pre-filing injunction "to fit the specific circumstances at issue." *Id.* Plaintiff contends the trial court failed to do so. We disagree.

¶ 25 The trial court limited the scope of the gatekeeper order to those papers filed in Carteret County, which are solely related to the real and personal property of Decedent, Decedent's estate, and the Executrix. Unlike in *Cromer*, where the injunction forbade "any and all filings" in the United States District Court for the Western District of North Carolina, which applied to unrelated litigation, the scope of the gatekeeping order before us is narrow and focused on Plaintiff's prior actions in the same matters. *Id.* at 819.

¶ 26 Plaintiff has failed to show the trial court abused its discretion by imposing the

gatekeeper order after it properly considered and applied the factors necessary to support imposition of the order. The trial court's findings and conclusions are supported by the record, and the order is narrowly tailored to address the specific circumstances and Plaintiff's actions at issue. Plaintiff's argument is overruled.

## VI. Attorney's Fees

### A. Standard of Review

> The trial court's decision to impose or not to impose mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a) is reviewable *de novo* as a legal issue. In the *de novo* review, the appellate court will determine (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. If the appellate court makes these three determinations in the affirmative, it must uphold the trial court's decision to impose or deny the imposition of mandatory sanctions under N.C.G.S. § 1A-1, Rule 11(a).
>
> Finally, in reviewing the appropriateness of the particular sanction imposed, an abuse of discretion standard is proper because the rule's provision that the court shall impose sanctions for motions abuses . . . concentrates the court's discretion on the *selection* of appropriate sanction rather than on the *decision* to impose sanctions.

*Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989) (citation and internal quotation marks omitted).

### B. Sanctions

Plaintiff argues the trial court erred in awarding Defendant attorney's fees

pursuant to Rule 11. *See* N.C. Gen. Stat. § 1A-1, Rule 11 (2021).

¶ 28 "According to Rule 11, the signer certifies that three distinct things are true: the pleading is (1) well grounded in fact; (2) warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law (legal sufficiency); and (3) not interposed for any improper purpose." *Bryson v. Sullivan*, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992) (internal quotation marks omitted). Our Supreme Court further held: "[a] breach of the certification to any one of these three prongs is a violation of the Rule." *Id.*

¶ 29 The trial court found a lack of factual sufficiency in the pleadings and the pleadings were made for an improper purpose. Plaintiff's improper purpose can be inferred from his repetitive behavior. *See Mack v. Moore*, 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992). The trial court did not err by sanctioning Plaintiff under Rule 11.

## C. Amount

¶ 30 Plaintiff further asserts the trial court erred in awarding attorney's fees for a prior appeal to this Court. The trial court held "the time spent on the appeal to the N.C. Court of Appeals . . . to be fair and reasonable." The trial court awarded attorney's fees totaling $28,833.25 to Defendant, including for the previous appeal to this Court.

¶ 31 "The authority to sanction frivolous appeals by shifting expenses incurred on

appeal . . . onto appellants is *exclusively granted* to the appellate courts under N.C. R. App. P. 34." *Hill v. Hill*, 173 N.C. App. 309, 317, 622 S.E.2d 503, 509 (2005) (emphasis supplied) (citation and internal quotation marks omitted).

¶ 32         "[A] trial court's award of attorneys' fees must be supported by proper findings considering 'the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney.'" *ACC Const., Inc. v. SunTrust Mortg., Inc.*, 239 N.C. App. 252, 271, 769 S.E.2d 200, 213 (2015) (citation omitted). The North Carolina State Bar has issued a conjunctive eight-factor rule concerning attorney fees:

> (a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee or charge or collect a clearly excessive amount for expenses. The factors to be considered in determining whether a fee is clearly excessive include the following:
>> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>> (3) the fee customarily charged in the locality for similar legal services;
>> (4) the amount involved and the results obtained;
>> (5) the time limitations imposed by the client or by the circumstances;
>> (6) the nature and length of the professional relationship with the client;
>> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>> (8) whether the fee is fixed or contingent.

27 N.C. Admin. Code 2.1.05 (Supp. 2021).

We vacate the inclusion of fees awarded for Defendant in the prior appeal, the amount awarded, and remand to the trial court. "On remand, the trial court shall rely upon the existing record, but may in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with the instant opinion." *Heath v. Heath*, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999).

## VII.    Conclusion

We affirm the trial court's conclusion to dismiss Plaintiff's appeal pursuant to Rule 12(b)(6) based upon res judicata. We also affirm the trial court's conclusion to sanction Plaintiff for violations of Rule 11 and the imposition of the gate keeping order.

We vacate the trial court's award of attorney's fees for Plaintiff's prior appeal to this Court. We vacate the amounts awarded pursuant to Rule 11 and remand to the trial court for further hearing. *It is so ordered.*

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.

Chief Judge Stroud and Judge Gore concur.